**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARK R. ZANA,

       Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

       Respondents.

2:12-CV-01013-JCM-VCF

**ORDER**

In this action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, respondents have moved to dismiss certain claims within the petition (ECF No. 15) on the basis that they are either unexhausted or fail to state a cognizable federal claim. Petitioner, represented by counsel, has opposed the motion (ECF No. 19). No reply was filed.

**I.     Procedural Background**

Petitioner was convicted in Clark County, Nevada, after a jury trial, of various sex crimes against children, including possession of child pornography and lewdness with a child. *See* Pet. Ex. 1, pp. 594-598.[1] Judgment of conviction was entered on January 2, 2008. *Id.* Petitioner appealed raising eleven grounds for relief. Res. Ex. 3. The conviction was affirmed by the Nevada Supreme Court on September 24, 2009. *See Zana v. State,* 125 Nev. 541, 216 P.3d 244 (Nev. 2009).

---

[1] The exhibits referenced in this order are identified as follows: petitioner's exhibits in support of petition Pet. Ex. ___, found in the court's record at ECF Nos. 2-11; respondents' exhibits in support of the motion to dismiss Res. Ex. ___, found in the court's record at ECF No. 16.

Petitioner filed a pro se post-conviction petition on December 14, 2009, claiming he was denied due process and the effective assistance of counsel, but providing no factual support for his claims. Res. Ex. 4. The petition was dismissed without prejudice "given the lack of specificity" to afford petitioner an opportunity to refile. Res. Ex. 5 at 3. Petitioner appealed this decision and the Nevada Supreme Court revered and remanded the matter for the appointment of counsel. Res. Ex. 6. Petitioner sought a hearing in order to waive the appointment of counsel, res. ex. 7, but the court appointed counsel in conformance with the Nevada Supreme Court's Order. Res. Ex. 9, p. 3. At a hearing on the petitioner's motion to waive counsel, petitioner advised that he did not wish to have counsel or stand-by counsel and the court then dismissed the attorney who had been appointed. *Id.* Despite numerous attempts to persuade petitioner to accept the assistance of counsel, he refused and filed a second post-conviction petition on February 7, 2011 claiming that he received ineffective assistance of trial and appellate counsel. Res. Ex. 8 at 6. He did not provide any supporting facts, merely stating, "Petitioner would respectfully raise issues as they become necessary. Petitioner would respectfully request this Court allow the undersigned to supplement this petition." *Id.* At a later hearing, when asked if he wished to further supplement his petition, petitioner declined. Res. Ex. 9 at 3. The court then found that the petition failed to state a claim for relief and it was denied. *Id.* at 3-4. On appeal, the Nevada Supreme Court affirmed the court's denial of the petition. Res. Ex. 10.

Petitioner filed his federal habeas petition on June 14, 2012, with the assistance of counsel. He raises eleven grounds for relief. Respondents move to dismiss.

**II.     Discussion**

Respondents move to dismiss grounds 1-3, 6, 7, and 11 of the petition as failing to state a cognizable federal claim or lacking exhaustion. The arguments are discussed below.

A. <u>Claims Not Cognizable in Federal Habeas</u>

Respondents argue that grounds 1, 2, 3, 6, 7, and 11 are not properly before this court and should be summarily dismissed.

    i. *No Federal Claim Presented*

Respondents argue that grounds 2, 3 and 11 fail to state a federal claim.

The federal habeas statute provides:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in *violation of the Constitution or laws or treaties of the United States*.

28 U.S.C. § 2254(a) (emphasis added).

Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). Moreover, where the case is governed by the AEDPA, the liberty interest must be one recognized by the United States Supreme Court. *See Nunes v. Ramirez-Palmer,* 485 F.3d 432, 443 (9th Cir. 2007) *cert.* denied 128S.Ct. 404 (2007) (rejecting petitioner's liberty interest claim under § 2254(d)(1) because "the United States Supreme Court has never recognized California's *Sumstine* doctrine as creating a liberty interest that is protected by the Fourteenth Amendment"). Only if such a liberty interest has been recognized by the United States Supreme Court can the state court's determination of this claim be contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

    *Ground Two*

    Mr. Zana is entitled to a new trial based upon the introduction of inadmissible evidence of other crimes, wrongs or acts.

Citing exclusively to state case law and statutes, petitioner argues that evidence of other crimes, wrongs or acts are not admissible to prove the character of a person in order to show that he acted in conformity with those prior acts. There are no references to federal law or the federal constitution in the heading or body of this claim. Neither are there citations to general constitutional principles such as due process or fair trial.

Petitioner argues that this claim was presented to the Nevada Supreme Court as a federal constitutional violation, pointing the court to page 9 of his direct appeal reply brief. Pet. Ex. 9, Reply Brief.[2] However, the mere use of the term "due process" or a brief reference to a constitutional amendment does not mutate the claim into one of federal constitutional dimensions. *Langford*, 110 F.3d at 1389. Moreover, even if petitioner made such passing reference in his Nevada Supreme Court briefing, the claim as presented to this court, offers nary a reference to federal constitutional or statutory provisions, fails to mention even fundamental federal constitutional principles, such as due process, and cites no federal case law. If petitioner wants to present federal claims to this federal court, he must make that fact known on the face of the petition. He has not done so, and he has not raised a federal claim.

Respondents note that if petitioner were to amend this claim to make a specific federal claim, it would then be unexhausted in state court. Thus, the court must determine if petitioner's passing reference to his due process rights in his appellate reply brief is sufficient to put the state court on notice that he is raising a federal claim for purpose of exhaustion.

State remedies have not been exhausted unless the federal claim has been fairly presented to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529

---

[2] Petitioner offers no running page numbers for exhibits 9-11.

1  U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66.  The petitioner must make the federal nature of
2  the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v.*
3  *Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001).  Where
4  "general appeals to broad constitutional principles, such as due process, equal protection, and the
5  right to a fair trial, are insufficient to establish exhaustion," *see Hiivala*, 195 F.3d at 1106, *citing*
6  *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987, the answer to
7  the question of exhaustion of the claim must be no.  Petitioner's passing reference that his due
8  process rights were violated, couched as it was in a summary sentence at the end of reply brief
9  argument, is inadequate to put the state court on notice that he is raising a federal claim.

10  The court finds that this claim does not set out a federal claim and that amendment to include
11  a federal reference would result in the claim being unexhausted.  Respondents' motion to dismiss the
12  ground shall be granted.

*Ground Three*

The Nevada Supreme Court erred when it failed to grant a new trial based upon the state introducing improper implied prejudicial bad acts.

16  As with ground two, petitioner fails to allege any federal constitutional or statutory violation
17  in this claim for relief.  His brief is devoid of any reference to federal law, he cites to no federal
18  cases, and even fails to reference general constitutional principles.  And, as with ground two, if
19  petitioner were to amend the claim in these proceedings, it would then be unexhausted in the state
20  courts; petitioner's passing reference in the reply brief to a "violation of his constitutional rights"
21  notwithstanding. Pet. Ex. 9, Reply Brief, p. 15.  *See Hiivala,* 195 F.3d at 1106; *see also Shumway,*
22  223 F.3d at 987.

23  The motion to dismiss as to ground three shall also be granted.

*Ground Eleven*

Mr. Zana's convictions must be reversed based upon a cumulative effect of the errors during trial.

5

This ground for relief also fails to allege any federal violation. It is absent of any reference to federal case law or federal statute. The only legal citations are to Nevada case law. While a pro se petitioner may exhaust his claim by citing to State case law which applies the federal standard, a petitioner represented by counsel does not receive the same benefit. *See Peterson v. Lampert,* 319 F.3d 1153, 1158 (2003) ("citation to a state case analyzing a federal constitutional issues serves the same purpose as a citation to a federal case analyzing such an issue"). Thus, petitioner's citation to *Deschant v. State,* 116 Nev. 918, 10 P.3d 108 (Nev. 2000), which discusses an appellant's right to a fair trial in the context of cumulative error, cannot save this claim. Particularly where even that case's reference to a right to a fair trial is not explicitly identified as a federal right.

Petitioner suggests that he "specifically argued that he was being denied due process under the federal constitution. However, no such reference is found in the instant petition and petitioner offers to citation to the state record as to where such a statement may be found. The motion to dismiss as to ground eleven shall be granted.

      ii.    *No Federal Relief Available*

*Ground Six*

> The Nevada Supreme Court unreasonably applied existing federal law when it failed to grant Mr. Zana's appeal regarding the suppression of images obtained or seized from Mr. Zana's computer in violation of the Fifth and Fourteenth Amendments to the United States Constitution. The Nevada Supreme Court applied an unreasonable application of federal law when it failed to recognize that the district court improperly elected to not hold a *Frank's* hearing.

Respondents argue that this ground is not cognizable in federal habeas because there is no Fifth Amendment prohibition on unreasonable search and seizure and because if it were properly pled as a Fourth Amendment violation, it would be foreclosed by the holding of *Stone v. Powell,* 428 U.S. 465 (1976). They note that petitioner "admits" that he litigated the issue in both state district court and before the Nevada Supreme Court, as state law allows.

6

Petitioner, after acknowledging a typographical error in this ground's main heading, argues that it was clearly his intent to plead a Fourth Amendment violation and that the Fourth Amendment is repeatedly referenced within the body of the claim. He further argues that he was not given a fair opportunity to litigate his claim in the state courts and this should remove the claim from the *Stone* bar to review.

Where a state has provided a defendant with a full and fair opportunity to litigate a Fourth Amendment claim, "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* 428 U.S. 465, 495 (1976); s*ee also Kuhlmann v. Wilson,* 477 U.S. 436, 446-47 (1986). The *Stone* Court did not specify a test for determining whether a state has provided an opportunity for full and fair litigation of a claim, but did cite the case of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745 (1963), in a footnote. The *Townsend* factors for the federal court to consider in determining if a full and fair hearing on a factual issue was not provided in the state court include a determination that

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing*.*

372 U.S. at 313, 83 S.Ct. at 757.

In *Mack v. Cupp,*, the Court said that the *Townsend* test need not "always be applied literally ... as the sole measure of fullness and fairness," however, it "must be given great weight in defining what constitutes full and fair consideration under *Stone*,"564 F.2d 898, 901 (9th Cir.1977). The court may also consider "the extent to which the claims were briefed before and considered by the state trial and appellate courts." *Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir.1981).

1  Petitioner notes that he filed a motion to suppress the evidence seized from his computers,
2  complaining to the trial court of "numerous misstatements of fact in the application in support of the
3  search warrant." Oppo. at 4-5. He alleges that the court refused to grant petitioner "any type of
4  hearing to establish the misstatements of fact." *Id.*  Petitioner also complains that on direct appeal
5  the Nevada Supreme Court gave the claim cursory review and denied it without specific discussion.
6  The record reveals that petitioner filed a motion to quash warrant and suppress evidence on
7  February 9, 2007. Pet. Ex. 1, pp. 83-134. Within the body of the motion, petitioner argues that he is
8  entitled to a *Franks* hearing in order to show and make an offer of proof regarding purported
9  intentional or reckless material falsehoods in the affidavit." *Id.* at 91.[3]  A hearing on all pending
10 motions, including the petitioner's motion to quash, was conducted on March 1, 2007. Pet. Ex. 2,
11 pp. 229-243. The court agreed to hear the arguments and then determine if the testimony of the
12 officer would be required. *Id.* at 236.  The parties each argued their points on the validity of the
13 search warrant and the sufficiency of the supporting affidavits. The court denied the motion to
14 suppress without any evidence being required from the officer. *Id.* at 242.
15 It is clear from the record that petitioner was given a full and fair opportunity to litigate his
16 Fourth Amendment claim before the state courts. *See Terrovona v. Kinchloe,* 912 F.2d 1176 (9th Cir.
17 1990); *Abell v. Raines,* 640 F.2d 1085 (9th Cir. 1981). Specifically, petitioner filed a motion to
18 suppress evidence obtained from his computers on the basis of a search warrant.  The state district
19 court held a hearing on the motion to suppress and heard arguments from both sides.  The district
20 court then denied the motion, having apparently concluded that there was a substantial basis for the
21 judge to issue the warrant and that the warrant did not lack probably cause on which the detective
22 could rely. Pet. Ex. 2, at 242.  After petitioner was found guilty, petitioner raised the Fourth

---

[3] Although never fully identified by petitioner, the court assumes petitioner is referring to the case of *Franks v. Delaware,* 438 U.S. 154, 155-56. 98 S.Ct. 2674, 2675 (1978). which held that the Fourth Amendment requires an evidentiary hearing "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause."

1   Amendment claim on direct appeal to the Nevada Supreme Court.  The Nevada Supreme Court
2   affirmed the district court's denial of petitioner's motion to suppress in a published opinions. *See*
3   *Zana v. State,* 125 Nev. at 245, n.1.  The Fourth Amendment claim raised in the federal habeas
4   petition was exhaustively litigated in the state court below. The claims were fully briefed and
5   considered by the state courts.  *See Abell,* 640 F.2d 1088.  The fact that the Nevada Supreme Court
6   did not provided extensive discussion of the claim is of no moment, where it acknowledge the claim
7   and stated its determination thereof.  Because petitioner had the opportunity to fully and fairly
8   litigate the Fourth Amendment claim that he now presents in his federal habeas petition, this court is
9   precluded from reviewing ground six under *Stone v. Powell,* and it will be dismissed.

10          B.      <u>Unexhausted Claims</u>
11                  *Ground Seven*
12                  The Nevada Supreme Court erred when it failed to grant the defenses
                    [sic] appeal regarding severance of the alleged child pornography
13                  counts from the alleged sexual misconduct counts in violation of the
                    due process clause of the United States Constitution.
14

15          Respondents next argue that ground seven of the petition is unexhausted contending that the
16   claim was raised in the state court as only a state law claim.  Petitioner argues his appellate brief to
17   the Nevada Supreme Court argued that federal law was being violated.
18          As previously discussed, a petitioner must fairly present both the factual and federal legal
19   basis of his claims to the state courts in order to have fully exhausted the claim for federal review.
20   *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 365-66.
21          A review of petitioner's opening appellant brief (res. ex. 3) demonstrates that petitioner
22   argued that the analysis of the claim should be "whether the error had a substantial and injurious
23   effect on the jury's verdict," citing *Robins v. State,* 106 Nev. 611, 619 798 P.2d 558, 564 (1990)
24   (quoting *United States v Lane*, 474 U.S. 438, 449, 106 S.Ct. 725 (1986)). *Id.* at 56-57.  Petitioner
25
26

further cited to *U.S. v. Smith,* 795 F.2d 841, 851 (9th Cir. 1986) and used Ninth Circuit opinions to support his analysis. *Id.*

These citations are sufficient to have put the Nevada Supreme Court on notice of the federal nature of the claim. This ground for relief is exhausted and shall not be dismissed.

C. <u>Right Not Recognized by United States Supreme Court</u>

*Ground One*

> The Nevada Supreme Court erred when it upheld the district court ruling permitting testimony and facts to be considered by the trial jury after a Pennsylvania court and Henderson Justice Court had sealed/expunged records in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

Finally, respondents argue that ground one, as well as grounds two and three, fail to state a claim cognizable under 28 U.S.C. § 2254 because the "United States Supreme Court has never ruled on the question of the constitutionality of the admissibility of prior bad act evidence." Motion to Dismiss, p. 8. Respondents cite to *Mijia v. Garcia,* 534 F.3d 1036 (9th Cir. 2008) and *Alberni v. McDaniel,* 458 F.3d 860 (9th Cir. 2006) to support this argument. Respondents argue that where the United States Supreme Court has not declared an act to be unconstitutional, this court cannot grant relief, as it cannot be said that the state courts' decisions were an unreasonable application of clearly established federal law. The cases cited clearly support this contention.

Petitioner counters that these three claims present due process violations arising from undue prejudice derived from improperly admitted evidence depriving him of a fair trial. *See* Oppo. at 2. He further argues that Ninth Circuit case law supports these claims, citing *Gordon v. Duran* 895 F.2d 610 [(9th Cir. 1990)]. In the petition, he argues that the Nevada Supreme Court's ruling was an unreasonable application of clearly established Supreme Court precedent. Petition, p. 19. Where there is no clearly established supreme court precedent, relief under 28 U.S.C. § 2254 is not available absent some objectively unreasonable factual finding. *Lockyer v. Andrade*, 538 U.S. 63 (2003). Petitioner makes no such contention.

1          In an abundance of caution, this court notes that, as a general rule, a federal court in a habeas
2  corpus case will not review the trial court's actions concerning the admissibility of evidence. *Lisenba*
3  *v. California*, 314 U.S. 219, 228, 62 S.Ct. 280, 286, 86 L.Ed. 166 (1941); *Osborne v. Wainwright*,
4  720 F.2d 1237, 1238 (11th Cir.1983). However, where a state court's ruling is claimed to have
5  deprived a defendant of his right to due process, a federal court should then "inquir[e] only to
6  determine whether the error was of such magnitude as to deny fundamental fairness to the criminal
7  trial…." *Osborne*, 720 F.2d at 1238, quoting *Hills v. Henderson*, 529 F.2d 397, 401 (5th Cir.), *cert.*
8  *denied sub nom. Hills v. Maggio*, 429 U.S. 850, 97 S.Ct. 139, 50 L.Ed.2d 124 (1976); *see also*
9  *Batchelor v. Cupp*, 693 F.2d 859, 865 (9th Cir.1982), cert. denied, 463 U.S. 1212, 103 S.Ct. 3547
10 (1983) (state trial court's admission of the videotape recording may not be reviewed on due process
11 grounds in a habeas proceeding unless the admission of the photographs rendered the trial
12 fundamentally unfair ).
13         The record in this case clearly demonstrates that petitioner was not denied due process or a
14 fair trial because the trial court conducted extensive evidentiary review and entertained lengthy
15 argument on the admissibility of the prior bad acts evidence. *See e.g.,* Pet. Exs. 1 at 10-82; 2 at 229-
16 243 and 244-437; 3 at 644-660.  The trial court went to great lengths to ensure fairness, also offering
17 to instruct the jury after the testimony of each related witness as to the limited use of the information.
18 No due process violation can be uncovered in light of such thorough actions to ensure fairness to
19 petitioner.
20         Grounds one, two and three fail to state a cognizable federal claim. If they did state a due
21 process claim under the Fifth or Fourteenth Amendments, the record does not support a finding that
22 petitioner's rights were violated.  Ground one shall be dismissed.

### III. Conclusion

The motion to dismiss shall be granted as to grounds one, two, three, six, and eleven. The court finds that ground seven is exhausted and may proceed on its merits, along with grounds eight, nine, and ten.

**IT IS THEREFORE ORDERED** that the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Grounds one, two, three, six, and eleven are **DISMISSED WITH PREJUDICE** for failing to state a federal claim under 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that grounds seven, eight, nine and ten shall proceed. Respondents shall have forty-five days to file their answer to these grounds for relief. Thereafter, petitioner shall have thirty days to reply.

Dated this 4th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE